UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------x
ALLEN BURNETT,

                Petitioner,

   -against-                  **MEMORANDUM AND ORDER**

WILLIAM A. LEE,               13-CV-4425 (KAM)

                Respondent.
----------------------------------------x
**MATSUMOTO, United States District Judge:**

      On August 2, 2013, Allen Burnett ("petitioner"),
proceeding *pro se*, filed a petition for a writ of habeas corpus
pursuant to pursuant to the Antiterrorism and Effective Death
Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, challenging his
sentence for a 1997 conviction in New York State Supreme Court,
Queens County. (ECF No. 1, Burnett Petition for Writ of Habeas
Corpus ("Pet.").) Specifically, petitioner seeks relief from
his state conviction for the Criminal Sale of a Controlled
Substance in the Third Degree and his indeterminate sentence of
seven to twenty-one years. *See* N.Y. Penal Law ("Penal Law")
§ 220.39(1). Petitioner is currently incarcerated at Greenhaven
Correctional Facility in Stormville, New York, and was at the
time the petition was filed.

      While his habeas petition was pending, in a letter
dated January 12, 2015 and received by the court on February 2,
2015, petitioner moved this court to hold this federal habeas

proceeding in abeyance in order for petitioner to pursue

resentencing in New York State Court under new standards set

forth by the New York Court of Appeals in *People v. Coleman*, 41

N.Y.2d 114 (2014).  For the reasons set forth below,

petitioner's motion to hold these proceedings in abeyance is

DENIED and his petition for a writ of habeas corpus is DENIED.

**BACKGROUND**

I.    **Factual Background**

    A.    The Facts Underlying Petitioner's 1997 Conviction

On December 4, 1996, at a bar located in Queens, New

York, petitioner sold a quantity of cocaine to an undercover

officer in exchange for fifty dollars in "pre-recorded buy

money," or money marked by the police department for tracking

purposes.  (ECF No. 8, Respondent's Answer in Opposition to

Petition of Writ of Habeas Corpus ("Answer") Ex. A, Affirmation

of Kathleen Whooley in Support of Petitioner's Motion for

Resentencing Ex. A, Pre-Sentence Report ("PSR") at 2.)  On

December 14, 1996, petitioner and his co-defendant Mark Brown

sold cocaine to an undercover officer at the same bar in Queens,

New York, in exchange for fifty dollars in "pre-recorded buy

money."  (*Id.*)  Based on this information, the police obtained

and executed a valid search warrant for the bar, where they

recovered quantities of cocaine, methadone, marijuana, and

various pieces of drug paraphernalia and measuring devices.

(*Id.*)  The police also recovered the pre-recorded buy money and a beeper from petitioner's person.  (Respondent's Opposition to Petitioner's Petition for a Writ of Habeas Corpus ("Resp. Opp.") at 2.)

Petitioner and his co-defendant Brown were arrested and charged with two counts of Criminal Sale of a Controlled Substance in the Third Degree (Penal Law § 220.39), two counts of Criminal Possession of a Controlled Substance in the Third Degree (Penal Law § 220.16(1)), two counts of Criminal Possession of a Controlled Substance in the Fifth Degree (Penal Law § 220.06(1)), two counts of Criminal Use of Drug Paraphernalia in the Second Degree (Penal Law § 220.50(3)), and one count of Unlawful Possession of Marijuana (Penal Law § 221.05).  (Answer Ex. D, Supreme Court Order Denying Resentencing ("Order Denying Resent.") at 1.)

B.    Petitioner's Guilty Plea

On October 17, 1997, petitioner and his co-defendant Brown each pleaded guilty before Judge Barry Kron in New York Supreme Court, Queens County to one count of Criminal Sale of a Controlled Substance in the Third Degree, a class B felony. (Answer Ex. L, Affirmation of Ellen Fried in Support of Petitioner's Direct Appeal Ex. A, October 17, 1997 Plea Allocution Transcript ("Plea Tr.") 4:3-12.)  Judge Kron advised petitioner that if he accepted the plea agreement, he would

sentence him to an indeterminate prison term of two to six years
contingent on proof that petitioner's prior conviction was
overturned by the Appellate Division and that petitioner was not
a predicate felony offender. (Plea Tr. 10:11-14.) Judge Kron
ordered petitioner to return to court on November 3, 1997 to
surrender to custody, warning him that if he failed to appear on
that date, he would be sentenced to eight and one-third to
twenty-five years, again contingent on proof that he was not a
predicate felon. (Plea Tr. 6:17-7:5.)

During the plea hearing, petitioner represented to the
court under oath that he had not been forced to accept the plea
agreement and that he had sufficient time to discuss the plea
with his attorney. (Plea Tr. 9:25-10:11.) He acknowledged
that, by pleading guilty, he was giving up certain rights,
including his right to a trial. (Plea Tr. 13-23.) Petitioner
then allocuted that, on December 14, 1996, he knowingly and
unlawfully sold cocaine to a person known to the grand jury.
(Plea Tr. 10:20-11:6.) The court also noted for the record that
petitioner had signed a waiver of his right to appeal. (Plea
Tr. 11:4-6.) The court instructed petitioner to return to court
on November 3, 1997 to surrender to custody, and on December 2,
1997 for sentencing as a condition of the plea agreement. (Plea
Tr. 11:7-12.) The court advised petitioner that if he failed to
return on November 3, 1997, he would sentence petitioner "in

4

abstentia to 12 and a half to 25 years" and petitioner would be subject to a charge of bail jumping. (Plea Tr. 11:14-18.) Petitioner, however, failed to appear in court on November 3, 1997, and a bench warrant was issued for his arrest. (Order Denying Resent. at 1.)

    C.    <u>Events Following the Original Plea Hearing and Sentence</u>

On December 18, 2008, eleven years after petitioner failed to appear for his sentencing, petitioner was arrested in New York and charged with Burglary in the Second Degree (Penal Law § 140.25(2)), a class C felony. (*Id.*) At the time of his arrest for burglary, petitioner was also returned involuntarily on the outstanding bench warrant and charged with Bail Jumping in the First Degree (Penal Law § 215.57) for his failure to surrender to custody on November 3, 1997 in connection with his 1997 conviction.

On March 6, 2009, petitioner moved to withdraw his plea on the basis that his co-defendant was the sole perpetrator in the charge to which petitioner pleaded guilty, and because petitioner's counsel allegedly coerced petitioner into pleading guilty by advising him that he would certainly go to prison for a longer period of time than had been offered by the District Attorney if he were to plead not guilty. (Petitioner's Reply in Support of His Petitioner for a Writ of Habeas Corpus ("Pet.

Reply") Ex. C, Affirmation of Russell Rothberg in Support of
Defendant's Motion to Withdraw Plea ("Rothberg Aff.") at 2.)
Petitioner also alleged in his motion to withdraw his plea that
"he was led to believe that if he did not plea guilty he would
be immediately remanded by the court and that his lawyer would
no longer represent him." (*Id.* at 3.)  Moreover, petitioner
alleged that he was not adequately represented due to a dispute
over monetary payments, because sums paid to his counsel's
secretary were never turned over to his counsel. (*Id.*)
Finally, petitioner alleged that motions were not filed on his
behalf, he was never afforded an opportunity to review paperwork
in his case, and that he did not fully understand that he had
the absolute right to trial by jury prior to pleading guilty.
(*Id.*)

The People opposed petitioner's motion to withdraw his
plea arguing that the record "clearly indicates that the
[petitioner's] plea . . . was made knowingly, voluntarily, and
intelligently, and were [*sic*] not a result of any coercion,
trickery, or deceit." (Pet. Reply Ex. C, People's Opposition to
Defendant's Motion to Withdraw Plea.)  The People argued that:
(1) petitioner admitted on the record that he aided his co-
defendant in the charge to which he pleaded guilty; (2)
defendant affirmatively waived his right to a trial and to
appeal after the court "went to great lengths to explain the

consequences of the defendant's guilty plea," including the
sentence that the judge intended to impose; (3) the record is
devoid of any statements by petitioner that would call into
question the voluntariness of his plea; (4) petitioner affirmed
that he had enough time to speak with his attorney; and (5)
petitioner and his co-defendant entered their guilty pleas
simultaneously, and petitioner did not make the court aware that
his co-defendant was the sole perpetrator of the crime. (*Id.* at
2-3.)

On March 31, 2009, petitioner was sentenced to an
indeterminate prison term of seven to twenty-one years for his
1997 drug conviction. (Resp. Opp. at 4.) The habeas record
does not reflect the issuance of an order on petitioner's motion
to withdraw his guilty plea. However, it is apparent from the
sentencing transcript that the motion was denied in full.
(Answer Ex. L, March 31, 2009 Sentencing Transcript ("Sent.
Tr.") 2:14-15.) In sentencing petitioner for his 1997
conviction, the court took into consideration petitioner's
"deplorable history of felonious behavior," and noted his most
recent arrest for burglary, a violent felony offense. (Resp.
Opp. at 5.) The court did not, however, consider petitioner's
prior conviction, which was reversed in *People v.* Burnett, 149
A.D.2d 717 (2d Dept. 1989). (Answer Ex. D, Order Denying
Resent. at 2 n.2.)

On April 3, 2009, petitioner pleaded guilty to Bail Jumping and was sentenced to one year incarceration, to run concurrently with his sentence for his 1997 drug conviction. (*Id.* at 2.)  On November 12, 2009, petitioner pleaded guilty to Burglary in the Second Degree.  (*Id.*)  On December 2, 2009, he was sentenced to a determinate prison term of three and one half years to run concurrently with his drug sentence and five years of post-release supervision.  (*Id.*)

## II.  Procedural History

### A.  Post-Conviction Proceedings in State Court

i.  *Motion for Resentencing Pursuant to Criminal Procedure Law Section 440.46*

On March 26, 2010, petitioner filed a motion in New York Supreme Court, Queens County for resentencing under the 2009 Drug Law Reform Act ("DLRA"), codified by New York Criminal Procedure Law ("C.P.L.") § 440.46.  (ECF No. 8, Answer Ex. A, Motion for Resentencing ("Mot. for Resent.").)  The DLRA authorizes resentencing for eligible defendants convicted of certain drug offenses and serving indeterminate prison terms if certain criteria are met.  C.P.L. § 440.46.  Specifically, C.P.L. § 440.46 provides that a person is eligible for resentencing if the person has been convicted of a class B felony offense committed prior to January 13, 2005, and sentenced to an indeterminate term with a maximum term of more

than three years, except as provided in subdivision five of
C.P.L. § 440.46.

In his motion, petitioner argued that resentencing was
appropriate under the DLRA's purpose of correcting inordinately
harsh sentencing ranges that existed prior to 2009. (Mot. for
Resent. at 1-2.) Petitioner further argued that his subsequent
convictions for bail jumping and burglary should not be
considered in determining whether resentencing was appropriate
because petitioner was already being punished for those
offenses. (*Id.* at 3-5.) Finally, petitioner highlighted his
favorable record during incarceration, contending that he had
received positive reviews for his work and a pre-GED program,
and had received only one disciplinary infraction since his
incarceration in April 2009. (*Id.* at 7-8.) The People argued
that petitioner should not be resentenced because he did not
meet the eligibility criteria for resentencing, and even if he
did, substantial justice dictated that his application for
resentencing be denied. (*See* Answer Ex. B, People's Opposition
to Resentencing.)

On June 17, 2010, after a resentencing hearing before
Judge Kron, the Queens County Supreme Court denied petitioner's
C.P.L. § 440.46 motion for resentencing. (Answer Ex. D, Order
Denying Resent.) The court rejected petitioner's argument that
he was eligible for resentencing under the DLRA because his

violent felony conviction for Burglary in the Second Degree
occurred after the felony drug offense for which he was seeking
resentencing. (Answer Ex. D, Order Denying Resent. at 4.) In
reaching a conclusion on the merits, the court also considered
petitioner's positive disciplinary record and good behavior
during incarceration, the parties' submissions and third-party
letters in support of petitioner, as well as petitioner's
lengthy criminal history and his failure to obey court
directives for approximately eleven years. (*Id.*) The court,
having reviewed all the circumstances, found that petitioner was
not eligible for resentencing, and, in the alternative, even if
petitioner were eligible, "substantial justice dictate[d] that
[petitioner] not be resentenced" pursuant to the DLRA. (*Id.* at
7.)

    On June 8, 2011, petitioner appealed the Supreme
Court's order denying his motion for resentencing to the
Appellate Division, Second Department. (Answer Ex. E,
Petitioner's Resentencing Appeal.) He argued that the lower
court erroneously found that his second-degree burglary
conviction rendered him ineligible to be resentenced and that
the court abused its discretion in finding that substantial
justice precluded him from being resentenced. (*Id.*) On
November 15, 2011, the Appellate Division affirmed the Supreme
Court's order denying petitioner's motion for resentencing,

10

finding that "[e]ven if petitioner were eligible for resentencing pursuant to the [DLRA], . . . substantial justice dictated the denial of his motion." (Answer Ex. H, *People v. Burnett*, 89 A.D.3d 958 (2d Dept. 2011).) The court noted that petitioner "failed to return for sentencing" on a 1997 conviction and "only returned to court, involuntarily, after 11 years upon being arrested for burglary, and was convicted in late 2009 of burglary in the second degree, a violent felony." (*Id.*).

On December 7, 2011, petitioner sought leave to appeal the denial of his resentencing motion in the New York Court of Appeals. (Answer Ex. I, Petitioner's Application for Leave to Appeal Resentencing.) The People opposed petitioner's application for leave on January 19, 2012, arguing that petitioner's claim failed to present any issue of law warranting further review or represented a novel issue of statewide importance. (Answer Ex. J, People's Opposition to Petitioner's Application for Leave to Appeal.) On January 26, 2012, the New York Court of Appeals denied petitioner's leave to appeal. (Answer Ex. K, *People v. Burnett*, 18 N.Y.3d 881 (2012).)

ii. *Direct Appeal of Petitioner's Sentence*

On May 21, 2012, petitioner appealed his sentence for his 1997 conviction to the Appellate Division, Second Department, pursuant to N.Y.C.R.R. § 670.12(c). (Answer Ex. L,

Petitioner's Direct Appeal.)  Petitioner argued that his

sentence was excessive in light of his conviction to a "low

level, non violent drug crime for which he was originally

promised the minimum sentence." (*Id.* at 1.)  Petitioner also

argued that his appeal was properly before the Appellate

Division for review because petitioner's waiver of his right to

appeal his sentence was not knowing, intelligent, and voluntary,

and thus invalid. (*Id.*)  Petitioner further argued that he was

"incorrectly informed that he was not entitled to appellate

review of his sentence." (*Id.*)  The People opposed petitioner's

appeal on July 19, 2012, and on February 6, 2013, the Appellate

Division, Second Department affirmed petitioner's sentence.

Although the court found that petitioner's waiver of his right

to appeal was invalid, and thus did not preclude the Appellate

Division's review of his sentence, the court found that

petitioner's sentence was not excessive and affirmed his

sentence. (Answer Ex. N, Appellate Division Order Affirming

Sentence.)

On March 18, 2013, petitioner sought leave to appeal

the Appellate Division's decision in the New York Court of

Appeals, on the grounds that the Appellate Division erred in

finding that his sentence for his 1997 conviction was not

excessive. (Answer Ex. O, Petitioner's Application for Leave to

Appeal Sentence.)  Plaintiff also raised for the first time on

appeal to the New York Court of Appeals his claim that he was denied "the right to plead guilty to the entire indictment" pursuant to C.P.L. § 220.10(2). (*Id.*) On May 7, 2013, the People opposed petitioner's application for leave to appeal on the grounds that: (1) petitioner's excessive sentence claim "involves a type of discretion not reviewable by this Court" and (2) "there was no basis to believe that petitioner's assertion that he was prevented from pleading to the entire docket has any validity." (Answer Ex. P, People's Opposition to Defendant's Application For Leave to Appeal.) On May 22, 2013, the New York Court of Appeals denied petitioner's motion for leave to appeal his sentence. (Answer Ex. Q, *People v. Burnett*, 21 N.Y.3d 941 (2013).)

     B.   <u>Federal Habeas Petition</u>

     On August 2, 2013, petitioner timely filed the instant *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises the following claims in his habeas petition: (1) the Queens County Supreme Court improperly denied his motion for resentencing because he was eligible for resentencing under the DLRA; and (2) he was denied the effective assistance of counsel during plea negotiations and the entry of his guilty plea of his 1997 conviction. (Pet. Reply at 4-6.) The court also notes that petitioner includes in his reply the heading "Claim of Factual Actual Innocence" and indicates that

his "claim of factual actual innocence is required to be reviewed in this collateral proceeding." (Pet. Reply. at 4.) Petitioner did not assert a claim of actual innocence in his petition, nor does the substance of his reply suggest that petitioner intends to bring a claim of actual innocence.[1] Rather, petitioner's arguments relate to his claim of ineffective assistance of counsel and the invalidity of his guilty plea, which he asserts was "the result of Counsel's improper influence." (Pet. Reply at 6.) Accordingly, the court will not consider any claim of actual innocence.

On November 8, 2013, respondent opposed the petition, arguing that neither of petitioner's claims for resentencing or ineffective assistance of counsel is properly exhausted pursuant to 18 U.S.C. § 2254(b)(1)(A). (Resp. Opp. at 10.) Specifically, respondent contends that petitioner's claim that he was eligible to be resentenced under the DLRA is not cognizable on federal habeas review and is entirely without merit. (*Id.* at 2, 14-16.) Respondent further argues that petitioner's ineffective assistance of counsel claim must be denied as entirely unexhausted and also without merit. (*Id.* at

---

[1] Although, in extraordinary circumstances, a credible showing of actual innocence might allow a petitioner to pursue constitutional claims that are otherwise procedurally barred, those circumstances do not exist here. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). Indeed, petitioner has not met the threshold requirement that, in light of new evidence, it is more likely than not that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *House v. Bell*, 547 U.S. 518, 538 (2006); *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see McQuiggin*, 133 S. Ct. at 1928.

2, 17-19.)

## DISCUSSION

### I.   Standard of Review

Under AEDPA, a federal court "shall entertain an
application for a writ of habeas corpus . . . on the ground that
[petitioner] is in custody in violation of the Constitution or
laws or treaties of the United States."  28 U.S.C. § 2254(a).
The court may grant habeas corpus relief with respect to any
claim that was adjudicated on the merits in state court if the
state court's decision was (1) "contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States" or (2)
"based on an unreasonable determination of the facts in light of
the evidence presented."  28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly
established Supreme Court precedent "if the state court arrives
at a conclusion opposed to that reached by [the] Court on a
question of law or if the state court decides a case differently
than [the] Court has on a set of materially indistinguishable
facts."  *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (citing
*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).  A state
court's decision is an "unreasonable application" of federal law
"if the state court identifies the correct governing legal
principles from [the] Court's decisions but unreasonably applies

that principle to the facts of the prisoner's case." *Id.* at 75.
Under the reasonableness prong of 28 U.S.C § 2254(d), a federal
court's determination of whether a state court's adjudication of
the federal claim was based on an "unreasonable determination"
of the facts in light of the evidence presented in the state
court proceeding is not a question of whether the federal court
reviewing the record agrees with the state court's findings, but
only whether the findings are reasonable. *Channer v. Brooks*,
320 F.3d 188, 195 (2d Cir. 2003). Therefore, a federal court
may not issue the writ "simply because [it] concludes in its
independent judgment that the relevant state-court decision
applied clearly established federal law erroneously or
incorrectly. Rather that application must also be
unreasonable." *Williams,* 529 U.S. at 411; *see also Lockyer v.
Andrade*, 538 U.S. 63, 75 (2003).

Similarly, under the second prong of 28 U.S.C §
2254(d), a federal court's determination of whether a state
court's adjudication of the federal claim was based on an
"unreasonable determination" of the facts in light of the
evidence presented in the state court proceeding is not a
question of whether the federal court reviewing the record
agrees with the state court's findings, but only whether the
findings are reasonable. *Channer v. Brooks*, 320 F.3d 188, 195
(2d Cir. 2003).

"A determination of a factual issue made by a State court shall be presumed to be correct" and the applicant for habeas relief has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Leka v. Portuondo*, 257 F.3d 89, 98 (2d Cir. 2001). AEDPA sets a "highly deferential standard for evaluating state-court rulings," *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011), and "preserves authority to issue the writ in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents," *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

Furthermore, a habeas petition shall not be granted unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *Jimenez v. Walker*, 458 F.3d 130, 148 (2d Cir. 2006). A petitioner has exhausted his state remedies when he has: "(i) presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in the lower courts) and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim." *Ramirez v. Attorney General of State of New York*, 280 F.3d 87, 94 (2d Cir. 2001); *see Baldwin v. Reese*, 541 U.S. 27 (2004). It follows that a petitioner may not introduce new claims for the first time in his federal habeas petition, but

"[must] present the state courts with the same claim he urges upon the federal courts." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Jimenez*, 458 F.3d at 148-49 (citing *Rose v. Lundy,* 455 U.S. 509, 518 (1982)).

Moreover, in order "to prevent a prisoner from exhausting his claims by simply letting the time run on state remedies, the Supreme Court 'crafted a separate waiver rule-or as it is now commonly known-the procedural default doctrine.'" *Jimenez*, 458 F.3d at 149 (quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 853 (1999) (Stevens, J., dissenting)). Under the procedural-default doctrine, when a prisoner has exhausted his state remedies but has not given the state courts a fair opportunity to pass on his federal claims, and the petitioner no longer has "remedies available" in the state courts under 28 U.S.C. § 2254(b), the claims are deemed exhausted due to a state procedural default. *Grey v. Hoke*, 933 F.2d 117, 120-21 (2d Cir. 1991). A procedural default in state court proceedings prevents the federal courts from addressing the merits of the claims. *Bossett v. Walker*, 41 F.3d 825, 828-29 (2d Cir. 1994).

Federal courts, however, may address the merits of a claim that was procedurally defaulted in state court upon a

showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law" or a showing "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 724; *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 809 (2d Cir. 2000); *see Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). Cause may be demonstrated with a showing that the factual or legal basis for a claim was not reasonably available to counsel or that "some interference by state officials" made compliance impracticable, or that the procedural default is the result of ineffective assistance of counsel. *Bossett*, 41 F.3d at 829.

In reviewing the instant petition, the court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983) (noting that courts should review *pro se* habeas petitions with a lenient eye). Accordingly, the court is obliged to interpret petitioner's pleadings as raising the strongest arguments they suggest. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

## II.  Application

### A.  Petitioner's Claim For Resentencing Under the DLRA Is Not Cognizable On Federal Habeas Review

Petitioner Burnett asserts that he is eligible for resentencing under the DLRA and that the trial court erred by denying his C.P.L. § 440.46 motion for resentencing.  (Pet. at 6.)  Respondent argues that petitioner's claim is not cognizable on federal habeas review because it concerns a state law matter only, and in any event, lacks merit because the trial court found that petitioner's prior burglary conviction was an "exclusion offense" under the statute and because substantial justice dictated the denial of petitioner's motion for resentencing on the merits.  (Resp. Opp. at 14-15.)

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle,* 502 U.S. at 67-68 (1991); *Edell v. James*, No. 08-CV-2422, 2010 WL 3199682, at *2 (E.D.N.Y. Aug. 11, 2010).  Rather, under 28 U.S.C. § 2241, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States" and may not issue the writ on the basis of a perceived error of state law.  *Estelle*, 502 U.S. at 62 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Petitioner's claim that he should have been resentenced under the DLRA is a matter of state law and thus

does not present federal constitutional questions cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a); *Estelle,* 502 U.S. at 67–68 ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (citations omitted); *Franco v. Brown*, No. 09-CV-8113, 2011 WL 7070219, at *4 (S.D.N.Y. Aug. 5, 2011) *report and recommendation adopted in* 2012 WL 173471 (S.D.N.Y. Jan. 20, 2012) (dismissing petitioner's claim regarding the interpretation and application of the DLRA as it did not present federal constitutional questions ); *Edell*, 2010 WL 3199682, at *2 (declining to reach the merits of petitioner's resentencing claim because the DLRA is a state statute and petitioner's claim only raised state law questions not).

Moreover, petitioner failed to substantively exhaust his claim that he is eligible for resentencing under the DLRA. Although petitioner raised his claim to the highest court in the state, it fails on federal habeas review because petitioner was required to, but did not, present his claim to the state courts in federal constitutional terms. *Franco*, 2011 WL 7070219, at *4 (finding petitioner's claim "substantively unexhausted" because petitioner failed to present his claims to the state courts in federal constitutional terms). Moreover, because petitioner no longer has any remedy available in state court to exhaust his

claim, because he is entitled to only one appeal of the denial

of his resentencing motion, his claim is also procedurally

barred. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012)

(noting that under procedural default, a "federal court will not

review the merits of claims, including constitutional claims,

that a state court declined to hear because the prisoner failed

to abide by a state procedural rule.").

Accordingly, petitioner's first ground of relief,

predicated on the lower court's interpretation and application

of the DLRA is denied.[2]

B.  <u>Petitioner Failed to Exhaust His Ineffective
    Assistance of Counsel Claim</u>

Petitioner argues that he was denied the right to

effective counsel guaranteed under the Sixth Amendment. (Pet.

at 7.) Specifically, petitioner argues that his counsel's

ineffective assistance resulted in the entry of an invalid

guilty plea.[3] (Pet. Reply at 4.) Petitioner contends that he

---

[2] Because petitioner's claims that he was eligible for resentencing under the
DLRA, and that the state court improperly denied his C.P.L. § 440.46 motion,
are not cognizable on federal habeas review and are unexhausted, the court
declines to engage in a discussion of petitioner's claims on the merits.
[3] Petitioner frames his claim that the entry of his guilty plea was invalid
within the context of his ineffective assistance of counsel claim and does
not challenge the validity of his plea separately; thus, this court declines
to engage in a review on the merits regarding whether petitioner's guilty
plea was valid. In any event, petitioner's claim that his plea was invalid
is procedurally defaulted and not properly before this court on habeas
review. Petitioner filed a motion to withdraw his guilty plea on the basis
that his co-defendant was the sole perpetrator in the violations charged and
only pleaded guilty due to the his trial-counsel's coercion on March 6, 2009,
nearly ten years after his plea was entered, but prior to sentencing. (Pet.
Reply Ex. C, Motion to Withdraw Plea.) Neither party produced documentation
regarding the court's denial of petitioner's motion, however the minutes from

would "not have entered the negotiated plea had his retained attorney not abandoned him" and that he was forced to enter a guilty plea . . . due to Counsel's refusal to represent him based on the mistaken belief that he failed to make timely payment." (Pet. Reply at 4.) Moreover, petitioner argues that his trial counsel's "advice was not within the range of competence demanded of attorney's [*sic*] in criminal cases" and that "the Constitutional violation of the right to effective assistance of Counsel [*sic*] . . . resulted in the self-incrimination exception of the Fifth amendment [*sic*] which is also protected by the Fourteenth Amendment against abridgment by the States." (Pet. Reply at 6.)

The factual basis for an ineffective assistance claim must, like other issues, be presented to all relevant state courts and exhausted for the purposes of AEDPA. *See Cornell v. Kirkpatrick,* 665 F.3d 369, 375 (2d Cir. 2011); *Daye v. Attorney General*, 696 F.2d 186, 191-92 (2d Cir. 1982). Moreover, the "nature or presentation of the claim [must be] likely to alert the court[s] to the claim's federal nature." *Daye*, 696 F.2d at

---

petitioner's March 31, 2009 sentencing indicate that petitioner's "motion to get his plea back was denied." (Answer Ex. L, Sent. Tr. 2:14-15.) On direct appeal and collateral review in state court, petitioner contested his sentence, but did not challenge the validity of his plea. In failing to do so, petitioner procedurally defaulted his claim that his plea was made involuntarily or unintelligently. *See Wells v. Miller,* 02-CV-5778, 2003 WL 23185759, at *16 (E.D.N.Y. Oct. 23, 2003) (holding that petitioner may not seek collateral review of claims pursuant to section 440.10 of the New York Criminal Procedure Law where those claims could have been, but were not, raised on direct appeal).

192.  Petitioner concedes in his petition – and the record confirms – that he did not raise his ineffective assistance of counsel claim on direct appeal or in any post-conviction state proceeding.  (Pet. at 7-8.)  As such, his claim is unexhausted.[4]

Here, the alleged error that is the basis for petitioner's ineffectiveness of counsel claim relies on evidence outside the trial record and could not have been raised on direct appeal.  *Griffin v. Suffolk Cnty.*, No. 13-CV-4375, 2013 WL 6579839, at *3 n.3 (E.D.N.Y. Dec. 16, 2013) (citing *People v. Harris,* N.Y.S.2d 678, 687 (4th Dept. 1985) (noting that the New York Court of Appeals "has time and again advised that ineffective assistance of counsel is generally not demonstrable on the main record."); *see Johnson v. Kirkpatrick,* No. 11-CV-1089, 2011 WL 3328643, at *12 (S.D.N.Y. Aug. 3, 2011) (stating that "most ineffective assistance of counsel claims[ ] cannot be raised on direct state appeal but rather must be made through a CPL § 440 motion").  Indeed, claims of ineffective assistance of counsel are "not generally amenable to resolution on the basis of the record because they tend to rely on 'matters outside the record concerning defense counsel's choice of trial strategy.'" *Griffin*, 2013 WL 6579839, at *3 n.3 (quoting *People v. Flores,*

---

[4] Petitioner's claim of ineffective assistance of counsel is not procedurally defaulted, because petitioner may still bring his claim pursuant to a C.P.L. § 440.10 proceeding in state court.  Therefore, petitioner's reliance on the Supreme Court's holdings in *Martinez v. Ryan*, 132 S. Ct. 1309 (2010), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), to establish cause for a procedural default is misplaced.

900 N.Y.S.2d 647, 647 (1st Dept. 2010)).

New York courts do not permit collateral attacks on convictions when a defendant unjustifiably fails to raise his constitutional violation on direct appeal, despite a sufficient record to have permitted such an appeal; nevertheless, although he failed to raise his claim in a direct appeal petitioner may still seek collateral review through a C.P.L. § 440.10 proceeding to the extent petitioner's ineffective assistance of counsel claim relies on evidence outside the record. *See* C.P.L. § 440.10(2)(c); *see Carpenter v. Unger*, No. 10-cv-1240, 2014 WL 4105398, at *25 (N.D.N.Y. Aug. 20, 2014) (finding petitioner's claim of ineffective assistance of counsel during plea proceedings unexhausted, but not procedurally barred because claim relied on evidence outside the record and could be raised on collateral review); *Griffin*, 2013 WL 6579839, at *3 (finding non-record based claims, including ineffective assistance of counsel, unexhausted but not procedurally barred because state remedy was still available pursuant to C.P.L. § 440.10).

"To properly exhaust an ineffective assistance of trial counsel claim that relies on evidence outside the pretrial and trial record the petitioner must raise it as part of a motion to vacate judgment under CPL § 440.10 and then seek leave to appeal to the Appellate Division." *Anthoulis v. New York*, No. 11-CV-1908, 2012 WL 194978, at *3 (citing *Sweet v. Bennett,*

353 F.3d 135, 140 (2d Cir. 2003)); *Caballero v. Keane,* 42 F.3d 738, 740-41 (2d Cir. 1994)). Because there is no time limit to filing a Section 440.10 motion, petitioner may still seek review of his ineffective assistance of counsel claim in state court. *See* CPL § 440.10(1) ("At any time after the entry of a judgment. . . ."). Accordingly, petitioner's claim of ineffective assistance of counsel is unexhausted and not properly before this court on federal habeas review.[6]

## III. Petitioner's Request to Hold The Proceedings in Abeyance is Denied

By letter dated January 12, 2015, petitioner moved this court to "hold in abeyance the proceedings currently before the court" on the basis of a change in New York State law with respect to the DLRA. (ECF No. 14, Petitioner's Motion to Stay Proceedings ("Mot. to Stay").) Specifically, petitioner argued that the New York Court of Appeals decision in *People v. Coleman*, 24 N.Y.3d 114 (2014), affects his claim for resentencing, and requested the stay in order to file a second motion for resentencing pursuant to C.P.L. § 440.46 in New York State Court.

On February 5, 2015, the respondent opposed petitioner's motion to hold these proceedings in abeyance. (ECF

---

[6] Because petitioner failed to properly exhaust his claim that he was denied his right to the effective assistance of counsel and the claim is not properly before this court on federal habeas review, the court declines to engage in a discussion of petitioner's ineffective assistance of counsel claim on the merits.

No 15, Respondent's Opposition to Petitioner's Motion for Stay (Resp. Opp. to Stay).) Respondent argues that petitioner's resentencing claim does not implicate the federal constitution and is not cognizable on federal habeas review; thus, "there is no reason for this Court to hold [petitioner's] habeas petition in abeyance while petitioner seeks to relitigate this uncognizable claim." (*Id.*) Respondent further argues that, in any event, the decision in *People v. Coleman* does not invalidate the Supreme Court's June 17, 2010 decision denying petitioner's C.P.L. § 440.46 motion for resentencing.

A federal court may stay a habeas petition when confronted with a "mixed petition," or one that contains claims that are both exhausted and unexhausted in order to allow a petitioner to exhaust any unexhausted claims in state court. *Zarvela v. Artuz*, 254 F.3d 374, 382 (2d Cir. 2001), *as amended* (June 26, 2001), *as amended* (Aug. 17, 2001). The Supreme Court stated in *Rhines v. Weber,* 544 U.S. 269 (2005), that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had (1) good cause for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278. The Supreme Court noted, however, that even if a petitioner has "good cause" for the

failure to exhaust the claims first, it would be an abuse of discretion to grant a stay when the claims are "plainly meritless." *Id.* at 277 (citing 28 U.S.C. § 2254(b)(2)).

Petitioner requests a stay of his habeas proceedings in order that to pursue a second motion for resentencing in state court, pursuant to caselaw that petitioner has suggested is a favorable ruling by the New York Court of Appeals in *People v. Coleman*. As set forth above, the basis on which petitioner moves to stay the habeas proceedings is "plainly meritless" because petitioner's claim with respect to resentencing is not cognizable on federal habeas review. Indeed, the caselaw that petitioner presents has no bearing on this court's determination with respect to petitioner's claim that the trial court erred in declining to resentence him under the DLRA. Even if the Court of Appeals' decision in *People v. Coleman* provides a new ground for petitioner to seek resentencing in the New York State courts, it would have no bearing on the merits of petitioner's claim on federal habeas review. Accordingly, under these circumstances, it would be futile to hold petitioner's proceedings in abeyance while petitioner seeks to be resentenced in state court on state law grounds, and his request for a stay is denied.

## CONCLUSION

For the foregoing reasons, the court denies

28

petitioner's request to hold his federal habeas proceedings in abeyance and denies petitioner's application for a writ of habeas corpus. With respect to petitioner's ineffective assistance of counsel claim, to the extent the claim relies on evidence outside the trial record, the petition is denied without prejudice to petitioner's right to file a future petition after he fully exhausts his state court remedies. Because petitioner has not made a substantial showing of the denial of any constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this ruling would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). Respondent shall serve a copy of this Order on petitioner and note such service on the docket within two days of the date of this Memorandum and Order. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED**

Dated:  July 15, 2015
        Brooklyn, New York

                                    _____/s/_____
                                    KIYO A. MATSUMOTO
                                    United States District Judge
                                    Eastern District of New York